UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE ON BEHALF OF CWABS ASSET-BACKED CERTIFICATES TRUST 2007-2, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-4020-B |
| CHESTER CARR, II, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (doc. 5) filed by Plaintiff The Bank of New York Mellon Trust Company, N.A., as trustee on behalf of CWABS Asset-Backed Certificates Trust 2007-2 on December 12, 2014. For the reasons stated below, the Court **GRANTS** the Motion and **REMANDS** this case to Tarrant County Court at Law No. 1.

I.

BACKGROUND

This case arises from a forcible detainer and eviction proceeding initiated in Texas state court by Plaintiff against Defendants Wayne S. Bragg Sr., Pamela Bragg, Chester Carr II, and All Other Occupants of the property located at 4401 Genesis Ct., Masfield, Texas 76063 (the "Property"). Doc. 5-1, Sworn Compl. for Forcible Detainer. Plaintiff filed a Sworn Complaint for Forcible Detainer against Defendants on August 21, 2014 in Tarrant County, Justice of the Peace Court 7. *Id.* Following a hearing on the merits, the Justice of the Peace Court entered judgment in favor of

Plaintiff on September 9, 2014. Doc. 5, Mot. to Remand 2. Defendants appealed the decision on September 15, 2014, and the Tarrant County Court at Law No. 1 scheduled a trial on the matter for November 13, 2014. *Id.* On November 13, 2014, apparently prior to the scheduled trial, Defendants removed the action to this Court, asserting diversity jurisdiction. Doc. 1, Notice of Removal 2–3.

On December 12, 2014, Plaintiff filed the present Motion to Remand (doc. 5), seeking to remand this action to state court. Due to Defendants' failure to respond to the Motion, the Court issued an Order to Show Cause (doc. 6), directing Defendants to respond to the Motion and provide an explanation as to why they failed to timely do so. To date, Defendants have responded to neither the Motion to Remand nor to the Court's Order to Show Cause. As such, the Motion to Remand is ripe for the Court's review, which the Court conducts without briefing from Defendants.

## II.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916.

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is diverse from the citizenship of

each defendant. 28 U.S.C. § 1332(a)(1). Thus, when a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

### III.
### ANALYSIS

In their Notice of Removal, Defendants assert that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied. Notice of Removal 2–3. Specifically, they contend that the action is between citizens of different states and that the amount in controversy—which they claim to be the current fair market value of the Property that is the subject of this lawsuit—is $250,000.00. *Id.* Plaintiff moves to remand this case to state court, noting, among other things, that removal is barred because Defendants and all other occupants of the Property are citizens of Texas. Doc. 5, Pl.'s Mot. to Remand 8.

Even when complete diversity exists between the parties, removal is improper when any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). In Defendants' Civil Cover Sheet, filed with their Notice of Removal (doc. 1), Defendants clearly identify as citizens of Texas. Therefore, pursuant to 28 U.S.C. § 1441(b), this Court lacks subject matter jurisdiction

based on diversity. Because Defendants' Texas citizenship precludes diversity jurisdiction, the Court **GRANTS** Plaintiff's Motion to Remand and need not address Plaintiff's remaining arguments in support of remand.[1]

### IV.

### CONCLUSION

Drawing from Defendants' own Notice of Removal (doc. 1), the Court finds that it lacks any basis for having subject matter jurisdiction over this action. For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (doc. 5) and **REMANDS** the present action to Tarrant County Court of Law No. 1.

**SO ORDERED.**

**Dated: April 17, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, nowhere do Defendants assert the existence of a federal question that would support this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court is likewise unable to discern a federal question in this matter, as it is solely based on a post-foreclosure eviction suit in which Plaintiff seeks possession of the Property.